No. 759

LODI STATE BANK v. JONES et al

Ohio Appeals, 9th Dist., Medina County
No. 51. Decided Sept. 29, 1924

**419. DOWER—Dower released by acquiescence in terms of contract for sale.**

**1229. VENDOR AND PURCHASER —** Where vendee has possession under land contract all subsequent lienholders are charged with notice of vendee's interest in property and their interest is **subsequent to the vendee's.**

PARDEE, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

The bank brought an action to foreclose a mortgage against certain real estate which stood in the name of Jones and which was sold by him to the defendant, Richardson, under and by virtue of a written land contract. Richardson paid the down payment and remained in possession of the property until after foreclosure. The only question arising in the case is as to the distribution of the proceeds after the payment of the principal and interest due on the mortgage. Knapp obtained a judgment against Jones while Richardson was in possession of the property. Jones's wife was present at the time the contract

was made and acquiesced in the conditions and terms set forth therein, although she did not sign the agreement. In entering a decree in favor of Richardson, the Court of Appeals held:

1. As the vendor was present and ratified by her words and conduct the sale of said property to said vendee, she released her contingent right of dower in said property as completely and effectively as though she had signed the contract itself or given a written release of the same.

2. The vendor being in actual possession of the property, his possession was notice to all who might deal with said property, whether they knew of such possession or not, and his interest therein was just as sacred as though he had a deed, duly signed, witnessed and acknowledged. Therefore, the judgment creditor had no claim against the property and all proceeds from the sale after the paying of the mortgage belonged to Richardson.

**Attorneys**—Frank Heath, for Lodi State Bank; J. V. Keeler and Jos. A. Seymour, for Chas. A. Richardson; Arthur Van Epp, all of Medina, for Knapp; Quigley & Byrnes, Cleveland, for Reich.